UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES DAVID (A# 246-033-720),

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-07035 DC SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural Background**

Petitioner is a native and citizen of Haiti who entered the United States without inspection on or around November 1, 2022. ECF No. 6-1 at 1 (Form I-213). Immigration and Customs Enforcement ("ICE") transferred Petitioner from Hillsborough County (FL) jail to its custody on July 30, 2026, following his arrest by local law enforcement for aggravated battery under Florida Statutes § 784.045(1)(a)(1). Id. at 4. ICE issued Petitioner a Notice to Appear ("NTA") charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) (noncitizen not in possession of valid entry document). Id. at 6-9 (NTA). He is currently detained at the California City Immigration Processing Center within this judicial district. ECF No. 1 at 1.

Petitioner's § 2241 application is devoid of factual content but generally challenges his ongoing detention without bond under the Due Process Clause of the Fifth Amendment. See ECF No. 1 at 7 (Count Three). Petitioner requests his immediate release. Id. at 8. Respondent "maintains that 8 U.S.C. § 1225(b)(2)(A) governs" but acknowledges that "both the Eleventh Circuit—where Petitioner was initially detained—and the Ninth Circuit—where he is currently detained—have rejected that position." ECF No. 6 at 1 (citing Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026), and Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026)). Respondent argues that the Court "should order no relief beyond directing the agency to provide that custody redetermination consistent with statute and controlling precedent." Id.

**II. Analysis**

On May 6, 2026, the Eleventh Circuit held that noncitizens like Petitioner present without admission who are apprehended in the interior of the United States are subject to the detention regime of 8 U.S.C. § 1226, not § 1225(b)(2)(A). Hernandez Alvarez, 175 F.4th 1258. The Ninth Circuit issued its own ruling to the same effect on July 30, 2026, the same date as Petitioner's ICE arrest. Rodriguez Vazquez, 183 F.4th 1160. Thus, from the time ICE took Petitioner into custody in Tampa, Florida on July 30, 2026, through the duration of his immigration detention in Florida and California,[1] Petitioner has been subject to discretionary detention under 8 U.S.C. § 1226(a).

As the record does not shows that ICE denied Petitioner § 1226(a)'s statutory protections, the undersigned finds no grounds to grant Petitioner's requested relief of release. See 8 U.S.C. § 1226(a) ("[A noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States."). However, given that Respondent has not raised an exhaustion defense and does not oppose an order directing the government to provide Petitioner with a bond hearing, the undersigned recommends that the petition be granted and the government be ordered to provide Petitioner with an initial custody redetermination hearing

[1] The record does not specify the date of Petitioner's transfer to the California City facility.

before an immigration judge pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1. See Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (federal courts have "a fair amount of flexibility" in fashioning specific habeas relief.).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on Count Three.[2]

2. Respondent be ordered to provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within fourteen (14) days of issuance of any final order in this case, and with at least seven (7) days of advance notice to Petitioner and Petitioner's counsel (if any).

3. Respondents are further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of the bond hearing.

4. If Petitioner is granted release on bond, Respondents shall return all of Petitioner's documents and possessions at the time of release.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v.

---

[2] In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE