UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID (A# 246-033-720),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-07035-DC-SCR (HC)<br><br><u>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. No. 9) |

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 17, 2026, the magistrate judge filed findings and recommendations. (Doc. No. 9.) The magistrate judge found that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b), and that the "record does not show[] that ICE denied Petitioner § 1226(a)'s statutory protections" such that the proper remedy in this matter is a post-deprivation bond hearing rather than immediate release. (*Id.* at 2.) The findings and recommendations contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (*Id.*) Neither party filed objections.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602

F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and finds that the magistrate judge's finding that Petitioner is detained under 8 U.S.C. § 1226(a) to be supported by the record and will thus adopt that finding. The undersigned will decline to adopt the remaining findings and recommendations.

This court has repeatedly found that noncitizens that have been previously released into the United States by immigration authorities are constitutionally entitled to prior notice and a pre-deprivation hearing before being detained by immigration authorities. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK (HC), 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On November 1, 2022, Petitioner was previously processed by immigration authorities with a Notice to Appear in removal proceedings and paroled into the United States. (Doc. No. 6-1 at 4.) On July 30, 2026, Petitioner was transferred from local custody into immigration custody without Petitioner being provided prior notice or a pre-deprivation bond hearing as to his immigration detention. (Doc. No. 6-1 at 4.) Respondents neither argue nor explain why notice and a pre-deprivation bond hearing were not, or could not have been, provided to Petitioner before his immigration detention nearly four years after he was paroled into the United States. (*See id.*) Further, this court is unpersuaded that the criminal arrest[1] mentioned only in the Form I-213 Record of Deportable/Inadmissible Alien renders inapplicable this court's previous determination that similarly situated noncitizens are entitled to notice and a pre-deprivation bond hearing before

---

[1] Petitioner was charged with felony battery and tampering with a witness. Petitioner was placed on pre-trial diversion for the felony battery charge, and no action was taken on the tampering charge. (Doc. No. 6-1 at 4–5.)

they can be re-detained by immigration authorities. (Doc. No. 6-1 at 2–5); *see Yi Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933, at *2 (E.D. Cal. Oct. 5, 2026) (finding that release was appropriate for noncitizen detained without pre-deprivation bond hearing where the government "provide[d] the court with no argument as to how [the petitioner's criminal history] has any bearing on this case or the government's act of detaining Petitioner"). Thus, the undersigned will grant the petition for a writ of habeas corpus and order that Petitioner be released from custody.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 17, 2026 (Doc. No. 9), are ADOPTED IN PART;
2. Petitioner James David's (A-246-033-720) petition for a writ of habeas corpus (Doc. No. 1), is GRANTED:
    a. Petitioner shall be RELEASED IMMEDIATELY from Respondent's custody with the same conditions he was subject to immediately prior to his detention in July 2026. Respondent shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
    b. Respondent shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon Petitioner's release from custody;
    c. Within three (3) days from the date of entry of this order, Respondent shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;
    d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and
    e. This order does not address the circumstances in which Respondent may

detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and
4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 21, 2026**

Dena Coggins
United States District Judge